IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHRISTOPHER SINTEL KING,

   Plaintiff,

v.

DANIEL STONE, Warden; Lt. JONI
MUSIC; SUE SMITH, Assistant Warden;
Officer JOE JOHNSON, and VICKI
HANCOCK, Probation Officer,

   Defendants.

CIVIL ACTION NO.: CV506-064

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Treutlan Probation Detention Center in Soperton, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while at the Bacon Probation Detention Center. By Order dated November 9, 2006, Plaintiff was instructed to inform the Court as to which claim or related claims he wished to pursue. (Doc. No. 12). Plaintiff has responded to said Order and wishes to pursue his claims regarding his refusal to do physical exercise and the resulting disciplinary actions taken against him. Plaintiff's Response demonstrates a logical relationship between his separate allegations against the named Defendants, and thus the Court will now screen his allegations for cognizable claims.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404

U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that after he refused to participate in physical training at the Bacon Probation Detention Center, Defendant Stone ordered that he be placed in administrative confinement. Plaintiff asserts that Defendant Music seized him and placed him in "the hole." Plaintiff contends that he remained in administrative confinement at Bacon

2

AO 72A
(Rev. 8/82)

Probation Detention Center for twelve days, and then was transferred to Ware State Prison where he was placed in isolation for twenty-two days.

The actions of the prison officials in this situation are governed by the Eighth Amendment. The "cruel and unusual punishment" standard, which originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 2398-2399, 69 L. Ed. 2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). In this context, the Court employs a two-part analysis to determine whether the conditions of confinement violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). First, the condition must be objectively and sufficiently serious or extreme to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.2004). Second, the defendant official must have "acted with a sufficiently culpable state of mind." Id. (citing Hudson, 503 U.S. at 8, 112 S. Ct. at 999).

The conditions relating to the exercise program described by Plaintiff do not violate the minimum standards of decency embodied in the Eighth Amendment. Plaintiff has not alleged that he was required to perform any physical labor that was beyond his strength, or which constituted a danger to his health, or which was unduly painful, so as to amount to cruel and unusual punishment. Plaintiff does not even suggest that any conditions of his confinement posed any threat to his health or safety, and has thus failed to allege that his treatment was objectively serious or extreme enough to pose an "unreasonable risk of serious damage" to him. Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim.

3

Furthermore, Plaintiff has failed to state a claim for relief relating to his placement in administrative confinement. In order to establish an entitlement to due process procedural protections, a plaintiff must first establish the deprivation of a liberty interest or property interest. Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 868, 74 L. Ed. 2d 675 (1983); Meachum v. Fano, 427 U.S. 215, 223, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976). The Supreme Court redefined the methodology for determining whether a liberty interest is implicated when an inmate is subjected to more restrictive forms of confinement in Sandin v. Conner, 515 U.S. 472, 480-84, 115 S. Ct. 2293, 2298-30, 132 L. Ed. 2d 418 (1995). The court must now examine the *nature* of the liberty interest at stake, and only those deprivations of liberty that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or that could inevitably affect the duration of the inmate's sentence warrant additional procedural protection. Id. at 487, 115 S. Ct. at 2302.

Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. at 485, 115 S. Ct. at 2301 (citations, quotation marks, and alteration omitted). In Sandin, the Court held that serving thirty days in disciplinary segregation with conditions that mirrored those for prisoners in administrative segregation and protective custody was not atypical and significant. Id. at 486, 115 S. Ct. at 2301. Furthermore, the Eleventh Circuit has held that two months confinement in administrative segregation pending resolution of a disciplinary report does not constitute an 'atypical and significant hardship' as required by Sandin. Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998). Plaintiff has likewise not

4

demonstrated any 'atypical and significant hardship' in relation to the ordinary incidents of prison life. Accordingly, Plaintiff fails to state that his constitutional rights have been violated.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _12th_ day of December, 2006

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)